Mr. Justice Hodges
delivered the opinion of the Court.
George F. Barbary, you stand before this court charged with misconduct as a duly licensed attorney admitted to practice law in the State of Colorado.
This matter was initiated in this court after several complaints against you were received. In accordance with Chapter 20 of the Colorado Rules of Civil Procedure pertaining to discipline of attorneys, an investi *589 gation and a full hearing on all matters involved was conducted by our Supreme Court Grievance Committee which thereafter submitted to this court its report containing its findings- and its recommendation. A copy of this report was thereupon furnished to you. •
You have filed exceptions to this report and supporting briefs. The Attorney General has also filed an answer brief. These items together with the extensive pleadings and the record of the hearing, including numerous exhibits, are now before this court for the purpose of our determination of the charges.
All of these items have been scrutinized and studied with the utmost care. Based thereon, we have reached a determination that the findings of the Grievance Committee are supported by substantial, clear, convincing and satisfactory proof, and that the recommendation of the Committee is fully warranted. We now itemize in concise form the charges and findings of the Grievance Committee.

Charge One:

The Grievance Committee found that you wrongfully caused and nurtured a fee dispute between Western Elaterite Company and Bernard D. Morley, an attorney at law, after you personally on behalf of your firm accepted representation of this company.
You also agreed to represent Mr. Dale Benz, the president of Western Elaterite Company, who was in the hospital with a terminal illness, and his wife Mrs. Louise A. Benz, who was handling his personal and business affairs. At this time and for several years prior thereto, Mr. Morley was and had been the attorney for this company and for Mr. and Mrs. Benz. The Grievance Committee found that without hesitancy you accepted this employment and without serious efforts to ascertain the correctness, reasonableness, or propriety of Mr. Morley’s fees for services rendered prior to his termination, you caused the matter of his charges to be re *590 ferred- to the Denver Bar Association for arbitration on the grounds that there was a legitimate fee dispute. The committee on the' other hand, found that in fact this was done as a means of stalling and deferring payment to Mr. Morley, a former associate of yours with whom bitterness and ill will existed to an unfortunate extent.
Related to this same matter of referring this purported fee dispute to the Denver Bar Association, the Grievance Committee also found that you authored and caused to be submitted a letter dated June 16, 1965 to the Denver Bar Association, wherein accusations were made against Mr. Morley. It was found that these accusations were substantially untrue, and the Grievance Committee found that based upon all the evidence, this act was done by you as a matter of vengeance against Mr. Morley.

Charge Two:

The Grievance Committee found that sometime later in a certain motion which you caused to be filed in.Civil Action No. 23532 in the district court of Arapahoe County ■ entitled George F. Barbary, and Barbary and Bate, a partnership, v. Louise A. Benz, there was set forth allegations and accusations against Ralph A. Cole, who at that time, was the attorney for Mrs. Benz in that case. In that action, you sued her for debt and attorney’s fees. The Grievance Committee found that these accusations were without basis and constituted a vicious and callous act on your part; and that the accusations were made to intimidate opposing counsel' without just cause and were below the level of unpleasant discourtesies that sometimes arise between feeling advocates.

Charge Three:

The Grievance Committee found that two separate charges of $1,500 plus a charge for 5% hours of work which you made against Western Elaterite Company in connection with the Hensel-Phelps matter was ex *591 orbitant and unconscionable. The committee also found that the charging of this double fee was particularly reprehensible because you also made it a part of the claim against Mrs. Benz on a purported personal guarantee which was the subject matter of your action against Mrs. Benz in the heretofore mentioned district court action in Arapahoe County.

Charge Four:

It was found that you gave contradictory testimony under oath relating to your representation of Mrs. Benz. On December 29, 1965, you testified at a hearing before Referee Richard P. Matsch of the Federal Bankruptcy Court, before whom the involuntary petition in bankruptcy of Phoenix-Western Company, formerly Western Elaterite Company, was being considered. At this time and place, you testified that on May 31, 1965 Mrs. Benz employed you as her personal attorney. Thereafter on August 21, 1966 in testimony before Judge Donald B. Smith of the District Court of Arapahoe County in a hearing relating to the civil action you had brought against Mrs. Benz, you testified you were not employed by her on this date as her personal attorney.
Judge Smith found a direct conflict in your testimony before him and your provious testimony in the bankruptcy matter; and further found that an attorney-client relationship did exist at the time in question and that a certain statement by Mrs. Benz to you could therefore not be related by you because of her assertion of the attorney-client privilege.
In its report, the Grievance Committee states that it is of the opinion that the testimony you gave in this = respect before Judge Smith was incorrect and was given for the sole purposes of personal gain for you and your firm.
We have examined in detail the transcripts of your testimony under oath on these two occasions and find that based upon all the evidence as it pertains to your *592 employment as an attorney for Mrs'. Benz, your testimony before Judge Smith in this regard was false.
The sum total of these acts of misconduct by you reflects upon the legal profession for which you should have had the highest respect and loyalty by virtue of your oath when you were admitted to practice law before this court. The highest standards of honesty, justice and morality are required of each member of the legal profession. By your acts, you have dishonored this requirement, and have done violence to your oath as an attorney.
This misconduct is of a nature which is inexcusable. Our review of this record makes it clear that your acts are all the more culpable because of your legal talent, poise, attention to details, and self-assurance.
We agree with the recommendation of the Grievance Committee, and hereby publicly censure you for your specified acts of misconduct as a member of the legal profession and declare that you have violated the canons of professional ethics, and that you are guilty of unprofessional conduct not in keeping with the highest standards required of lawyers admitted to the bar of this state. You are admonished that any further acts of misconduct on your part will be more severely dealt with.
You are ordered to pay to the Clerk of this court within six (6) months from this date the sum of $3,500.78 for the costs incurred in this proceeding.
Mr. Chief Justice Moore not participating.